# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1404 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Cicero Chamber of Commerce and Industry vs. Jorge Montes De Oca, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court finds that removal was improper in this case. Therefore, Ana Maria Montes De Oca, and Jorge Montes De Oca's motion to remand is granted pursuant to 28 U.S.C. § 1447(c). The instant action is remanded back to the Circuit Court of Cook County (12 L 001395), forthwith. All pending dates and motions before this Court are stricken. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    This matter is before the court on Jorge Montes de Oca's, Ana Maria Montes de Oca's (collectively referred to as "de Ocas"), and El Dia Publications' (El Dia) motion to remand. Cicero Chamber of Commerce Industry (Cicero), along with others, brought a breach of contract action against the de Ocas and El Dia in Illinois state court (State Court Action). The de Ocas and El Dia filed a counterclaim against Cicero in the State Court Action that included claims brought pursuant to federal law. On November 23, 2011, Cicero filed a motion in the State Court Action to strike or sever the counterclaim filed by the de Ocas and El Dia from the original complaint brought by Cicero in the State Court Action. On February 1, 2012, the state court judge granted Cicero's motion to sever Counts I-VII of the counterclaim, and denied the motion to sever with respect to Count VIII of the counterclaim. After Counts I-VII of the counterclaim were severed and became a new action in state court, Cicero removed the action to this court. The de Ocas and El Dia now move to remand. Cicero opposes the instant motion, arguing that once Counts I-VII were severed from the counterclaim, they formed a separate, removable action brought by the de Ocas and El Dia against Cicero in state court.

    Pursuant to 28 U.S.C. § 1441 (Section 1441), "except as otherwise expressly provided by Act of

| STATEMENT |
|---|

Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). The law is well-settled that the term "defendant or defendants" in Section 1441 does not include counter-defendants and that a federal court cannot assert jurisdiction over an action on the basis of a counterclaim alleging violations of federal law. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*. 535 U.S. 826, 831 (2002)(stating that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction")(citations omitted).

Cicero argues that, in holding that a counterclaim could not provide a basis for federal question jurisdiction, the Supreme Court articulated certain policy considerations that are not implicated in this case. In *Holmes*, the Supreme Court observed that "[a]llowing a counterclaim to establish 'arising under' jurisdiction would [] contravene the longstanding policies underlying our precedents," including that "the plaintiff is 'the master of the complaint,'" that it would "radically expand the class of removable cases," and that it would "undermine the clarity and ease of administration of the well-pleaded-complaint doctrine. . . ." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. at 831-32. In this case, to allow Cicero to circumvent the well-established rules relating to federal jurisdiction simply by successfully moving to sever the counterclaim in the State Court Action would radically expand the jurisdiction of the federal courts and would undermine the clarity and easy application of the well-pleaded-complaint doctrine. Such an act is in contravention with *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), which provides that the removal statute must not only be strictly construed, but "construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts," so that it may be applied uniformly across the nation. *Id.* at 104, 108-09.

Cicero argues that the state court judge did not sever Count I-VII of the counterclaim solely so that they could be removed to federal court. In support of its argument, Cicero points out that the state court found that the allegations in the counterclaim were "sufficiently independent" to weigh in favor of severance. (Resp. Ex C, 9-10). However, the record from the state court proceedings clearly reflects that Counts I-VII of the counterclaim were severed solely so that those claims could be removed to federal court. (Resp. Ex. C,

| STATEMENT |
|---|

pg. 4, 7)(transcript of state court proceedings at which counsel for Cicero stated that Cicero was seeking to sever the counterclaim so that the counterclaim could be removed to federal court). Courts have uniformly recognized that "the removal statute should be construed narrowly and against removal." *People of State of Ill. v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982); *see also cf. Moss Land and Mineral Corp. v. Fidelity and Cas. Co. of New York*, 2003 WL 21360803, at *3 (N.D. Ala. 2003)(indicating that the "status [of] a cross-claim defendant did not change magically at the moment of the dismissal of the original action," and that "[n]o metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly"). Based upon the above, the court finds that removal was improper in this case. Therefore, the motion to remand is granted pursuant to 28 U.S.C. § 1447(c).